OPINION
This appeal is brought by Earl Wolford from the judgment of the Common Pleas Court of Montgomery County, convicting him of one count of possession of cocaine in violation of R.C. 2925.11(A).
The record presents the following undisputed facts. On January 2, 2001, two Police Officers on patrol spotted appellant Earl Wolford leaving 160 Fillmore Street. The residence was under police observation due to numerous drug related complaints. The officers decided to try to talk to Wolford so they pulled their cruiser along side Wolford, exited the car, and asked, "Can we talk to you?" Wolford responded by turning around and tossing aside what the officers recognized as crack cocaine. The officers seized the discarded package and arrested Wolford for drug possession.
Wolford was indicted on April 9, 2001 and plead not guilty. Wolford, through counsel, filed a timely motion to suppress the evidence recovered by police. At hearing, the trial court overruled the motion. Subsequently, Wolford changed his plea of No Contest and was sentenced to a ten-month term of incarceration. Wolford now appeals the trial court's denial of his Motion to Suppress Evidence., Appellant raises the following assignment of error:
 The trial court erred by overruling Appellant's motion to suppress evidence discovered as a result of him being illegally seized by police.
 In his sole assignment of error, Wolford alleges that since the police lacked probable cause and reasonable suspicion to stop him on the street, the drugs obtained as a result of that stop should be suppressed as the fruit of an illegal search and seizure. We disagree with Wolford's premise and conclusions.
When reviewing a trial court's decision on a motion to suppress evidence this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence and then independently determine as a matter of law, without deference to the trial court's conclusion, whether the facts meet the applicable legal standard. State v. Retherford (1994), 93 Ohio App.3d 586 (citing Statev. Clay (1972), 34 Ohio St.2d 250). The facts presented in this case do not give rise to a Fourth Amendment claim. The Fourth Amendment requires that State actors have probable cause to arrest or seize a person. Probable cause is "defined in terms of facts and circumstances `sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" State v. Tibbetts (2001)92 Ohio St.3d 146 (quoting Gerstein v. Pugh (1975), 420 U.S. 103,111-112). If probable cause exists, no warrant is required to apprehend a suspect in a public place. United States v. Watson (1976),423 U.S. 411.
Furthermore, compliance with the Fourth Amendment requires that police must have a reasonable, articulable suspicion of criminal activity in order to reasonably detain a person for less than probable cause. Terryv. Ohio (1968), 392 U.S. 1. One step removed from a Terry-type stop is the circumstance in which a police officer approaches a person in a public place, requests to speak to him, receives permission to do so and then asks questions. Because this is considered a consensual encounter and the person is always free to walk away, the Fourth Amendment is not implicated. Florida v. Royer (1983), 460 U.S. 491, 497-498.
The undisputed facts presented in the record do not amount to aRoyer-type consensual encounter. Rather, the facts show that the police were attempting to initiate a consensual encounter when they requested to speak with Wolford. However, before Wolford consented or exercised his rights to walk away, the police witnessed him take something from his pocket and toss it away. The arresting police officer testified to the following:
Q: What did you observe the defendant do?
 A: He had both hands in his pocket. When we approached him, he took his left hand out of his pocket and made a motion, a throwing motion toward the ground. We could observe what we believed to be crack cocaine.
Q: Was the area well lit?
A: There were streetlights and I had my flashlight
 Q: And after you saw the defendant drop what you suspected to be crack cocaine, what did you do?
 A: Walked over to him, secured him — Officer Bergman did. I went over to the ground and retrieved the suspected rock of crack cocaine.
The trial court denied Wolford's motion to suppress finding that the initial encounter between the police and Wolford was consensual. However, we do not think that a consensual encounter analysis is required. The facts demonstrate that prior to the occurrence of an encounter, consensual or otherwise, Wolford discarded the cocaine giving the police a reasonable, articulable suspicion to stop him and investigate their suspicions. Furthermore, as soon as the officers confirmed that the item tossed aside was indeed crack cocaine, they had probable cause to arrest Wolford.
Wolford's assertion that he would never have tossed the drugs aside had the police not requested an encounter is of no consequence. Wolford made the choice to toss the drugs and can not now seek shelter under the Fourth Amendment to remedy a poor choice.
Furthermore, Wolford's argument that no person would have felt free to walk away in this situation is also irrelevant since we believe that the police had in the appropriate sequence a reasonable, articulable suspicion to stop Wolford followed by probable cause to arrest him. Nor do we credit Wolford's argument that police commanded him to stop. "Can we talk to you?" is not a command to stop.
In conclusion, the police officers acted well within the boundaries of their legal authority when they arrested Wolford and seized the illegal drugs he tossed aside. Any possible consensual encounter was cut short by Wolford when he tossed the drugs out of his pocket, thereby giving police the right to stop and investigate and then the probable cause necessary to arrest him.
For the reasons stated above it is the order of this Court that the judgment of the Court of Court of Common Pleas, Montgomery County is hereby AFFIRMED.
WOLFF, P.J. and GRADY, J., concur.
(Hon. Thomas F. Bryant sitting by assignment of the Chief Justice of the Supreme Court of Ohio).